MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California   94102
    Telephone:   (415) 436-6758
    Facsimile:    (415) 436-6753
    E-mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 14-CR-0018-EMC |
|---|---|---|
| v. | ) | |
| ANTHONY OCAMPO, | ) | [~~PROPOSED~~] DETENTION ORDER |
| Defendant. | ) | |

This matter came before the Court on January 22, 2014, for a detention hearing. Defendant Ocampo was present and represented by Jai Gohel, Esq.  Assistant United States Attorney W.S. Wilson Leung appeared for the Government.

Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services was present at the hearing.  The Government moved for detention, and defendant opposed.  Proffers and arguments regarding detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.   The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community.   Accordingly, the Court concludes that defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

With respect to all of the subsequent findings, this case involves a presumption in favor of detention pursuant to 18 U.S.C. § 3142(e) because the defendant has been charged with possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).   While the ultimate burden of persuasion rests upon the Government, it is the finding of the Court that defendant did not make proffer of facts or information sufficient to rebut the presumption.

The Court makes the following findings as the bases for its conclusion that no condition or combination of conditions of release will reasonably assure the appearance of the defendant.

(1) the defendant faces a maximum term of imprisonment of 40 years' imprisonment and a mandatory minimum sentence of 5 years' imprisonment;

(2) the defendant's criminal history includes at least five felony convictions;

(3) the defendant's prior terms of probation have been revoked on at least three occasions, in October 1990, in May 2005, and in September 2013, suggesting he cannot comply with supervision;

(4) the defendant has violated parole at least thirteen times between July 1993 and September 2011, indicating that not only was he not amenable to supervision, but he engaged in new violations of the law while on parole;

(5) the defendant's long term drug use;

(6) the defendant's inability to complete drug treatment; indeed, his failure was due not just to the failure to complete treatment, but because he engaged in conduct that was

disruptive to the programs, i.e., in 2010, he got into an verbal altercation with a program staff member, and in 2013, he got into an altercation with another program participant;

(7) his failure to proffer any sureties.

For these reasons, the Court deems defendant Ocampo to present a risk of flight and non-compliance that cannot be mitigated adequately by any conditions of release.

The Court also finds that the foregoing also supports the conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community as well.  The defendant's persistent criminal conduct, which includes crimes of violence, as well as his long history of violating parole establishes that the defendant cannot be trusted to comply with the law.  Moreover, the nature of the offenses charged indicates that the defendant continues to engage in dangerous conduct that carries the substantial risk of harm to others.   For these reasons, the Court deems defendant Ocampo to present a risk of danger to other persons and the community that cannot be mitigated adequately by conditions of release.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.    Defendant Ocampo be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.    Defendant Ocampo be afforded reasonable opportunity for private consultation with counsel; and

3.    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendants are confined shall deliver defendant to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

SO ORDERED.

Dated: January __28__, 2014

_____
HON. JOSEPH C. SPERO
United States Magistrate Judge